UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

CIVIL ACTION NO. 12-5-DLB

STEPHEN CATRON                                                                                      PLAINTIFF


vs.                           **MEMORANDUM OPINION & ORDER**


MICHAEL J. ASTRUE, Commissioner
SOCIAL SECURITY ADMINISTRATION                                                 DEFENDANT

***************************

      Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record and for the reasons set forth herein, will affirm the Commissioner's decision, as it is supported by substantial evidence.

      **I.**    **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

      Plaintiff Stephen Catron filed an application for disability insurance benefits (DIB) on June 30, 2009 (Tr. 136-41). Plaintiff alleges he became unable to work on January 7, 2009 (Tr. 21). He claims disability due to a right hip fracture and mild degenerative disc disease in his spine. His application was denied initially and upon reconsideration. (Tr. 93-95; 96-98). At Plaintiff's request, an administrative hearing was conducted on September 20, 2010, by Administrative Law Judge (ALJ) Gloria B. York. (Tr. 31-58). On February 1, 2011, the ALJ ruled that Plaintiff was not disabled and therefore not entitled to DIB. (Tr. 16-30). This decision became the final decision of the Commissioner when the Appeals Council denied review on November 15, 2011. (Tr. 1-7).

On January 12, 2012, Plaintiff filed the instant action. The matter has culminated in cross-motions for summary judgment, which are now ripe for adjudication. (Docs. # 9, 10).

## II.    DISCUSSION

### A.    Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See Cutlip*, 25 F.3d at 286. Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). However, even if supported by substantial evidence, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments are "severe"; Step 3, whether the impairments meet or equal

a listing in the Listing of Impairments; Step 4, whether the claimant can still perform her past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

### B. The ALJ's Determination

At Step 1, the ALJ found that there was no evidence that Plaintiff had engaged in substantial gainful activity since the amended alleged onset of his disability. (Tr. 21). At Step 2, the ALJ found Plaintiff's "status post fracture of the right hip with right hip pain and low back pain with mild degenerative disc disease" to be severe impairments within the meaning of the regulations. (Tr. 22).

At Step 3, the ALJ found that Plaintiff does not have an impairment or combination of impairments listed in, or medically equal to an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 22). First, the ALJ found that Plaintiff's right hip fracture was not severe enough to meet Listings 1.02 (major dysfunction of a joint) or 1.06 (fracture of a femur, tibia, pelvis, or one or more of the tarsal bones) because there was "no evidence that he required a right hip replacement, or is unable to ambulate effectively." (Tr. 22). Second, the ALJ concluded that Plaintiff's low back pain with mild degenerative disc disease did not meet Listing 1.04 (disorders of the spine) because there was "no evidence of neurological deficit or nerve root compression." (Tr. 22).

At Step 4, the ALJ concluded that Plaintiff has the residual functional capacity (RFC) to perform a full range of light work. The ALJ found that Plaintiff could "lift and carry 20

pounds occasionally ten pounds frequently and stand and walk six hours out of eight. (Tr. 22). Based upon this RFC, the ALJ concluded at Step 4 that Plaintiff was able to perform past relevant work as a security guard. (Tr. 25).

Accordingly, the ALJ proceeded to the final step of the sequential evaluation. At Step 5, the ALJ found that there were a significant number of jobs in the national economy that Plaintiff could perform. (Tr. 32). The ALJ reached this conclusion because he found that Medical Vocational Rule 202.18 directed a finding of not disabled given Plaintiff's RFC for a full range of light work, and given his age, education, and work experience. (Tr. 26).

**C. Analysis**

Plaintiff advances four arguments on appeal. First, Plaintiff argues that the ALJ failed to give appropriate weight to the opinion of his treating physician, Dr. Michael Heilig. Second, Plaintiff argues that the ALJ failed to articulate adequate reasoning for refusing to accept the opinions of "the treating professionals." Third, Plaintiff asserts that the ALJ erred in finding that Plaintiff's impairments do not meet or equal a listed impairment. Fourth, Plaintiff contends that the ALJ should have declared him disabled given his age, education, and lack of transferrable skills. Each of these arguments will be addressed in turn.

**1. The ALJ appropriately weighed the opinion of treating physician Dr. Michael Heilig.**

Plaintiff argues that the ALJ failed to give appropriate weight to the opinion of his "longtime treating physician," (*see* Doc. # 9-1, at 3), Dr. Michael Heilig.[1] However, Plaintiff does not explain why he believes the ALJ erred in his assessment of Dr. Heilig's opinion.

---

[1] Plaintiff does not identify Dr. Heilig by name. However, the Court presumes Plaintiff was referring to Dr. Heilig because Plaintiff cited to his opinion. (*See* Doc. # 9-1, at 3).

4

All Plaintiff offers is the vague statement that when Dr. Heilig's opinion is considered in tandem with that of treating psychologist, Dr. Harry Cecil, it is "clear this gentleman cannot work." (Doc. # 9-1, at 3).

In fact, Dr. Heilig opined that Plaintiff *could work*. (Tr. 520). Specifically, Dr. Heilig found that although Plaintiff had sustained a twelve percent whole person impairment from his injury, he could perform a limited range of light duty work "with no lifting greater than 15 pounds, no repetitive bending, stooping, crawling, or climbing." (Tr. 520). Plaintiff therefore attempts to mislead the Court by asserting that Dr. Heilig's opinion supports the conclusion that Plaintiff is disabled.

It is true, however, that the ALJ did not give Dr. Heilig's opinion controlling weight, ultimately concluding that Plaintiff was capable of a full range of light work. As a general matter, "the medical opinion of a treating physician must be accorded greater weight than those of physicians employed by the government to defend against a disability claim." *Hall v. Bowen*, 837 F.2d 272, 276 (6th Cir. 1988) (citations omitted). However, the opinion of a treating physician is entitled to greater weight only if it is based on objective medical findings. *Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 367 (6th Cir. 1984), and is not contradicted by substantial evidence to the contrary. *Loy v. Sec'y of Health & Human Servs.*, 901 F.2d 1306, 1308-09 (6th Cir. 1990). Thus, the Commissioner is not bound by the opinion of a treating physician when the opinion is contradicted by objective medical evidence. *Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). Moreover, the ALJ is permitted to disregard the treating doctor's opinion regarding a diagnosis where such diagnosis is unsupported by any clinical findings or medical evidence. *Cutlip*, 25 F.3d at 287 (6th Cir. 1994). If an ALJ elects not to give controlling

5

weight to a treating physician's opinion, the regulations require him to provide "good reasons" for his decision. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *see also, Hall*, 837 F.2d at 276; *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 855 (6th Cir. 1986).

Here, the ALJ provided "good reasons" for electing not to give controlling weight to the opinion of treating physician, Dr. Heilig. It is unnecessary for the Court to recite this evidence in detail because it is adequately set forth in the ALJ's opinion, and in the Commissioner's brief. (*See* Tr. 23-24; Doc. # 10, at 6-7). In summary, however, the ALJ relied on the opinions of Drs. David Burandt, Daniel Primm, and Alexis Norelle, which concluded that Plaintiff's hip fracture had "essentially healed" and that his low back pain was nonsurgical and "mild." For instance, Dr. David Burandt described Plaintiff's healing from his hip fracture as "excellent" (Tr. 23, 238), such that by August 2008, Plaintiff reported that he could perform all aspects of his job as a night watchman on a farm "including jumping off tractors." (Tr. 23, 259). Dr. Burandt found that Plaintiff demonstrated painless range of motion in his hip (Tr. 252); that he walked with almost no limp (Tr. 23, 256); and that by September 2008, Plaintiff's hip fracture had completely healed (Tr. 23, 262).

Dr. Burandt's conclusions were affirmed by Dr. Daniel Primm, an orthopedic surgeon, who concurred that Plaintiff had experienced a "excellent result" from his hip surgery (Tr. 23, 529). Dr. Primm further opined that Plaintiff had not sustained permanent impairment and could return to his past work. (Tr. 529). Dr. Primm also noted that x-rays of Plaintiff's lumbar spine were "normal" and recommended physical therapy for Plaintiff's low back pain. (Tr. 529). Dr. Primm was not alone in this assessment. Dr. Alexis Norelle,

a neurosurgeon, concurred with Dr. Primm, diagnosing Plaintiff with chronic nonsurgical back pain and finding "no evidence of nerve root compression or neurological deficit." (Tr. 24).

These three opinions constitute substantial evidence, and therefore qualify as "good reasons" supporting the ALJ's decision not to give controlling weight to the opinion of treating physician, Dr. Heilig. *See* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *see also, Hall*, 837 F.2d at 276; *Duncan* 801 F.2d at 855. Thus, Plaintiff's argument fails.

### 2. Plaintiff's undeveloped arguments are deemed waived.

"[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). Here, Plaintiff advances three undeveloped arguments that the Court will deem waived. First, Plaintiff argues that the ALJ should have deferred to "the treating professionals." (Doc. # 9-1, at 4). But Plaintiff does not identify which professionals he is talking about. He only includes one vague reference to Dr. Cecil, and it is unclear why. He does not contend that the ALJ failed to appropriately weigh Dr. Cecil's opinion. Moreover, as the Commissioner notes, there is no opinion from Dr. Cecil in the record; there are only treatment notes. (Tr. 500-01). Second, Plaintiff argues that the ALJ erred in finding that his impairments do not meet or equal listed impairments. However, Plaintiff does not even bother to cite any listing that he supposedly meets or equals, nor does he explain why he meets or equals that listing. Instead, he confidently proclaims that the "medical evidence is clear" without citing a single piece of medical evidence. Accordingly, he falls far short of carrying his burden of demonstrating

that his impairment meets or equals a listed impairment.  *See* 20 C.F.R. § 404.1520(d). Third, in a single line, Plaintiff argues that the ALJ should have declared him disabled because of his age, education level, and lack of transferrable skills.  (Doc. # 9-1, at 3). However, he does not articulate what legal standard the ALJ allegedly violated in finding him not disabled.  It is not the Court's role to make this argument for him.  What's more, in finding Plaintiff not disabled, it is evident that the ALJ correctly applied Medical Vocational Rule 202.18 given Plaintiff's specific vocational profile.  All three of Plaintiff's perfunctory arguments are therefore deemed waived.

### III.   CONCLUSION

For the reasons stated herein, the Court concludes that the ALJ's finding that Plaintiff was not disabled for purposes of the Social Security Act was supported by substantial evidence.  Accordingly, for the reasons stated,

**IT IS ORDERED** as follows:

1. The decision of the Commissioner is supported by substantial evidence and is hereby **AFFIRMED**;

2. Plaintiff's Motion for Summary Judgment (Doc. # 9) is hereby **DENIED**;

3. Defendant's Motion for Summary Judgment (Doc. # 10) is hereby **GRANTED**;

4. A Judgment affirming this matter will be entered contemporaneously herewith.

This 10th day of January, 2013.



G:\DATA\SocialSecurity\MOOs\Lexington\5-12-5 Catron MOO.wpd